```
                                    FILED ____ LODGED
                                    RECEIVED ____ COPY

                                       DEC 17 2002

                                    CLERK U S DISTRICT COURT
                                    DISTRICT OF ARIZONA
                                    BY_____ DEPUTY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Glenn Kincaid,<br><br>   Plaintiff,<br><br>vs.<br><br>Aramark/Service Master,<br>Richard Gist, Rene Bates,<br>and John Warford,<br><br>   Defendants. | No. CV 02-1817 PHX PGR<br><br>ORDER |

  Pending before the Court is the plaintiff's Motion to Proceed In Forma Pauperis (doc. #2), which the Court construes as being filed pursuant to 42 U.S.C. § 2000e-5(f)(1). The Court finds from a review of the plaintiff's financial affidavit that he is indigent and will therefore authorize the commencement of this action without the payment of fees, costs, or security.

  Also pending is the plaintiff's Motion to Amend Complaint to Change Demand to Damages (doc. #5). Although the plaintiff does not need the Court's permission to file an amended complaint at this time because Fed.R.Civ.P. 15(a) allows a plaintiff to file one amended complaint as of right prior to the filing of an answer



by a defendant, the Court will in fact require the plaintiff to file an amended complaint because his submitted complaint, which merely alleges that the plaintiff believes that he "was unfairly suspended and then terminated because of racial and gender prejudice," must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because it fails to state a claim upon which relief may be granted. The complaint is so lacking in detail that the Court simply has no idea what its factual basis is. If this case is to continue, the amended complaint must show that the plaintiff is entitled to relief under Title VII, <u>i.e.</u>, it must contain enough background information to allow the Court and the defendants to understand how and why the plaintiff believes he was discriminated against on the basis of his race (which must be stated) and his gender and the role each named defendant played in that alleged discrimination.[1]  The amended complaint, in addition to whatever other changes that the plaintiff would like to make, must also state that the plaintiff timely filed an administrative complaint with the EEOC on these same charges and that he has received a right-to-sue letter from the EEOC; it must also state the date of the EEOC's letter.

        The plaintiff is advised that his failure to timely file an

---

[1] The plaintiff is advised that Local Rule 1.9(d) states: "Any party filing an amended pleading shall [rewrite] the entire pleading and may not incorporate any part of the preceding pleading, including the exhibits, by reference."

amended complaint will result in the dismissal of this action without further notice. If the Court, after reviewing the amended complaint, concludes that it contains a claim that is not legally frivolous, the Court will at that time order that the amended complaint be served on the defendants by the United States Marshal without cost to the plaintiff.

Also pending is the plaintiff's Motion to Appoint an Attorney (doc. #3), which the Court construes as being filed pursuant to 42 U.S.C. § 2000e-5(f)(1) which grants the Court the authority to appoint counsel in Title VII cases "in such circumstances as the court may deem just." In exercising this discretionary power, the Court must consider (1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit. <u>Bradshaw v. Zoological Society of San Diego</u>, 662 F.2d 1301, 1318 (9th Cir. 1981).

Based upon the record before it, the Court finds that while the plaintiff has met the requirement of being of limited economic means, he has made no showing at all that he has attempted to find an attorney on his own, much less the required showing that he has made a "reasonably diligent effort under the circumstances to secure counsel." <u>Id.</u>, 662 F.2d at 1319. The Court further finds that it cannot conclude at this time that the plaintiff's case has any merit given the lack of detail in the complaint submitted by

/ / /

the plaintiff. Therefore,

IT IS ORDERED that the plaintiff's Motion to Proceed in Forma Pauperis (doc. #2) is granted and that this action shall be commenced without the payment of fees, costs, or security.

IT IS FURTHER ORDERED that the plaintiff's Motion to Appoint Counsel (doc. #3) is denied without prejudice.

IT IS FURTHER ORDERED that the complaint is dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

IT IS FURTHER ORDERED that the plaintiff's Motion to Amend Complaint to Change Demand to Damages (doc. #5) is granted to the extent that the plaintiff shall file an amended complaint in compliance with this Order no later than **January 31, 2003.**

Dated this 16th day of December, 2002.

*/s/ Paul G. Rosenblatt*
Paul G. Rosenblatt
United States District Judge